AO 245B (SCDC Rev.09/11) Judgment in a Criminal Case Sheet 1

# UNITED STATES DISTRICT COURT
## District of South Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| vs. | |
| | Case Number: 3:14-808 (004 MGL) |
| MAKESHIA LASHON GLOVER | |
| | USM Number: 27845-171 |
| | |
| | August G. Swarat, II, Esq. (Appointed) |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) __.
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
■ was found guilty on count(s) _1, 12, 20 of the superseding indictment on 12/16/15_ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 USC 1349 | Please see superseding indictment | 4/21/15 | 1 |
| 18 USC 1341; 2 | Please see superseding indictment | 12/2/13 | 12 |
| 18 USC 1956(h) | Please see superseding indictment | 4/21/15 | 20 |

  The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____.

■ Count(s) _Original indictment_ is dismissed on the motion of the United States.

☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

  It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

March 30, 2016
Date of Imposition of Judgment

S/Mary Geiger Lewis
Signature of Judge

Mary Geiger Lewis, United States District Judge
Name and Title of Judge

April 1, 2016
Date

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Page 2

DEFENDANT: MAKESHIA LASHON GLOVER
CASE NUMBER: 3:14-808

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of Eighty-seven (87) months. This term consists of Eighty-seven (87) months as to counts 1, 12 and 20, all to be served concurrently.

☐ The court makes the following recommendations to the Bureau of Prisons:

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 3 - Supervised Release                                                                                                       Page 3

DEFENDANT: MAKESHIA LASHON GLOVER
CASE NUMBER: 3:14-808

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Five (5) years. This term consists of Five (5) years as to count 1 and Three (3) years as to counts 12 and 20, shall be served concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

■ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

■ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions: The defendant shall provide the US Probation Office with access to all requested financial information to include income tax returns, credit reports and bank statements.  The defendant shall not open additional lines of credit without the approval of the US Probation Office.  The defendant shall not open additional lines of credit without the approval of the US Probation Office.  The defendant shall participate in a financial or consumer credit counseling program as approved by the US Probation Office.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement  officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
    Sheet 4 - Criminal Monetary Penalties                                                                                                 Page 4

DEFENDANT: MAKESHIA LASHON GLOVER
CASE NUMBER: 3:14-808

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 5.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | **$ 300.00** | **$** | **$ 1,983,831.62** |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case(AO245C)* will be entered after such determination.

■ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| United States Treasury | $ 1,983,831.62 | $ 1,983,831.62 |  |
| TOTAL | $ 1,983,831.62 | $ 1,983,831.62 |  |

☐    Restitution amount ordered pursuant to plea agreement   **$**

☐    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

■    The court determined that the defendant does not have the ability to pay interest and it is ordered that:
        ■    The interest requirement is waived for the ☐ fine ■ restitution.
        ☐    The interest requirement for the ☐ fine ☐ restitution is modified as follows:

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (SCDC Rev. 9/11) Judgment in a Criminal Case
Sheet 5 - Schedule of Payments                                                                                                                                  Page 5

DEFENDANT: MAKESHIA LASHON GLOVER
CASE NUMBER: 3:14-808

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ■  Lump sum payment of $ 300.00 special assessment and $ 1,983,831.62 restitution due immediately, balance due

☐ not later than _____, or

■ in accordance with   ☐ C,   ☐ D, or   ■ E, or ■ F below: or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (weekly, monthly, quarterly)  installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ *(30 or 60 days)*  after the date of this judgment; or

D  ☐  Payment in equal _____ (weekly, monthly, quarterly)  installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ *(30 or 60 days)* after release from imprisonment to a term of supervision; or

E  ■  Payment during the term of supervised release will commence within 60 days after release from imprisonment. The defendant shall pay her restitution in minimum monthly installments of $100.00.

F  ■  Special instructions regarding the payment of criminal monetary penalties:   During incarceration, the Defendant shall make payments of not greater than 50 percent of net quarterly prison income, applied to Special Assessment and Restitution.

If restitution, fine and/or special assessment are ordered due immediately, payments made pursuant to this judgment while the defendant is incarcerated, on supervised release, or on probation are minimum payments only and do not preclude the government from seeking to enforce this judgment against other assets or non-prison income of the defendant.  In other words if ordered due immediately, the government may seek to enforce the full amount of any monetary penalty at any time pursuant to 18 U.S.C. § 3612, 3613 and 3664(m).

Unless the court has expressly ordered otherwise, if this judgment imposes  imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

■  Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.
Jefford Henry, Jr.    3:14-808-001         Linda Marie Henry    3:14-808-003
Jeffrey Henry         3:14-808-002         Bobby McGuire        3:14-808-005

☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following court cost(s):
■  The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Amended Preliminary Order of Forfeiture, filed 4/1/16  and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 3:14-CR-808-MGL-4 |
| ) | |
| v. ) | |
| ) | |
| MAKESHIA LASHON GLOVER ) | |
| ) | |

AMENDED PRELIMINARY ORDER OF FORFEITURE AS TO
MAKESHIA LASHON GLOVER

This matter is before the court on the motion of the United States for an amended Preliminary Order of Forfeiture as to Defendant Makeshia Lashon Glover ("Glover", "Defendant"), based upon the following:

1. On April 21, 2015, a multi-count Superseding Indictment was filed charging Glover with:

| | |
|---|---|
| Count 1: | Conspiracy to commit mail fraud, wire fraud, and bank fraud, in violation of 18 U.S.C. §§ 1341, 1343, 1344, and 1349; |
| Count 12: | Mail fraud, in violation of 18 U.S.C. § 1341; |
| Count 20: | Conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956 and 1957. |

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Superseding Indictment contained a notice of forfeiture providing that upon Glover's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

Proceeds/Money Judgment[1]:

(a) A sum of money equal to all proceeds the Defendants obtained, directly or indirectly, from the offenses charged in Count 1 of the Indictment, that is, a minimum of approximately $3,000,000 in United States currency, and all interest and proceeds traceable thereto, and/or that such sum equals all property involved in or traceable to their violations of 18 U.S.C. §§ 1341, 1343, 1344, and 1349.

(b) A sum of money equal to all property involved in the money laundering offenses charged in the Indictment, and all proceeds traceable thereto;

Vehicles:

(a) 2009 Mercedes, VIN: WDDNG71X69A282440, SC TAG JHC476
Purchased on *7/23/2013* for $44,462
Titled in the name of Jeffrey Henry and co-owned by Makeshia Glover.

(b) 2011 Infiniti QX 56, VIN: JN8AZ2NFXB9502908, SC TAG JDP299
Purchased on *4/17/2013* for $40,936
Titled in the name of Jeffrey Henry and co-owned by Makeshia Glover.

3. On December 16, 2015, a jury found Glover guilty of the following charges:

> Count 1:   Conspiracy to commit mail fraud, wire fraud, and bank fraud, in violation of 18 U.S.C. §§ 1341, 1343, 1344, and 1349;
>
> Count 12:  Mail fraud, in violation of 18 U.S.C. § 1341;
>
> Count 20:  Conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956 and 1957.

4. Based upon Defendant's conviction and other matters of record, the court has determined that Glover has an interest in the below-described property, and that the

---

[1] The United States is seeking a $1,983,831.62 money judgment against this Defendant.

property is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and (a)(2), and 28 U.S.C. § 2461(c).

5. The court has determined that the government has established the requisite nexus between the said property subject to forfeiture and the offense for which Glover has been convicted; therefore, the United States is entitled to an amended preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1. The following property is hereby forfeited to the United States of America, along with all right, title, and interest of the Defendant, Makeshia Lashon Glover, in and to such property:

<u>Vehicles:</u>

(a) 2009 Mercedes, VIN: WDDNG71X69A282440, SC TAG JHC476
Purchased on *7/23/2013* for $44,462
Titled in the name of Jeffrey Henry and co-owned by Makeshia Glover.

(b) 2011 Infiniti QX 56, VIN: JN8AZ2NFXB9502908, SC TAG JDP299
Purchased on *4/17/2013* for $40,936
Titled in the name of Jeffrey Henry and co-owned by Makeshia Glover.

The forfeited property is subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

2. FORFEITURE IS ORDERED against Glover and in favor of the United States in the amount of $1,983,831.62, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the

money judgment.

3. The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed money judgment.

4. Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5. The government is not required to publish notice regarding the personal money judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6. Upon entry of the criminal judgment, this order becomes final as to Glover, and shall be made a part of his sentence and included in the criminal judgment.

7. The United States shall publish notice of this Order and its intent to dispose of the property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

8. Upon entry of this Order, the Internal Revenue Service or their designee is authorized to seize the above-described forfeited property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

9. Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

10. Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

11. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

12. The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

13. The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

14. The Clerk, U.S. District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

                                       _s/Mary Geiger Lewis_____
                                       MARY GEIGER LEWIS
                                       UNITED STATES DISTRICT JUDGE

April 1, 2016
Columbia, South Carolina